United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51260
Conference Calendar

_____

BILL RUTHERFORD,

                                        Plaintiff-Appellant,

versus

BOARD OF PARDONS AND PAROLES,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CV-312
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

    Bill Rutherford, Texas prisoner # 275320, has filed a motion

for leave to proceed in forma pauperis (IFP) in his appeal of the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous under Heck v. Humphrey, 512 U.S. 477, 487 (1994).

He argues that: (1) the laws in effect at the time of the

commission of his offense on July 30, 1977, govern the revocation

of his parole for that offense; (2) his 42 U.S.C. § 1983 action

is based on Morrissey v. Brewer, 408 U.S. 471, 488 (1972) and is

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

not frivolous; and (3) the retroactive application of laws enacted after the commission of his offense violated his constitutional rights. Rutherford does not argue that <u>Heck</u> is inapplicable or that the parole revocation proceeding that he is challenging has been reversed or invalidated. Because Rutherford does not provide any analysis of this issue, he therefore waives any appeal of it. <u>See</u> <u>United States v. Reyes</u>, 300 F.3d 555, 558 n.2 (5th Cir. 2002); <u>American States Ins. Co. v. Bailey</u>, 133 F.3d 363, 372 (5th Cir. 1998). Because Rutherford has not shown that the district court erred in certifying that an appeal would not be taken in good faith, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. <u>See</u> <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

The district court's dismissal of his complaint and this court's dismissal of this appeal as frivolous each count as a strike under 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996). Rutherford has received strikes in the following cases: <u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51262, <u>Rutherford v. Disciplinary Case</u>, No. 02-11050, <u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51266, <u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51259, <u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51268, and <u>Rutherford v. Bell County Jail Administrator</u>, No. 02-51261. Rutherford has now accumulated over three strikes under 28 U.S.C. § 1915(g), and he may not proceed IFP in any

civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.